

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00530-CR

Rosemary Lynn **BRYAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CR5923W
Honorable Ron Rangel, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:     Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: February 1, 2023

AFFIRMED

Appellant Rosemary Lynn Bryan was charged with aggravated assault with a deadly weapon. Bryan pleaded no contest to a reduced domestic violence assault charge and was placed on community supervision for two years. Two months after she was placed on community supervision, the State filed a motion to revoke, alleging that Bryan 1) failed to attend orientation at the Bexar County Community Supervision and Corrections Department and 2) failed to report to the Bexar County Community Supervision and Corrections Department Intake Unit in person for the months of June and July 2020, as she was required to do. The following year, the State

filed an amended motion to revoke, additionally alleging that Bryan 1) committed the offense of possession of a controlled substance, 2) committed the offense of failing to provide identification, 3) failed to report to the Bexar County Community Supervision and Corrections Department Intake Unit for the months of August, September, October, November, and December 2020, 4) failed to report to the Bexar County Community Supervision and Corrections Department Intake Unit for the months of January, February, March, April, May, June, July, and August 2021, and 5) possessed contraband in her home, vehicle, or on her person in violation of a condition of community supervision. At a hearing on the State's motion to revoke, Bryan pleaded true to the allegation that she failed to report to the Bexar County Community Supervision and Corrections Department Intake Unit in person for the months of June and July 2020, as she was required to do. The trial court accepted Bryan's plea of true and sentenced her to 76 days in jail with credit for time served.

Bryan's court-appointed appellate attorney filed a motion to withdraw and a brief in which he raises no arguable issues and concludes the appeal is without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Counsel provided proof Bryan was given: (1) a copy of the brief, (2) a copy of the motion to withdraw, and (3) a motion to allow her to request the appellate record. Counsel also informed Bryan of her right to file her own brief. Bryan did not file a response.

When an *Anders* brief is filed, we must review the entire record and: (1) determine the appeal is without merit and issue an opinion stating there is no reversible error, or (2) determine there are arguable grounds for appeal and issue an opinion remanding the cause to the trial court for appointment of new appellate counsel. *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009) (citing *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005)).

We have carefully reviewed the record and counsel's brief. We find no reversible error and agree with counsel the appeal is without merit. *See id*. We therefore grant the motion to withdraw filed by Bryan's appointed counsel and affirm the trial court's judgment. *See id*.; *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

No substitute counsel will be appointed. Should Bryan wish to seek further review of this case in the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days after either the day our judgment is rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id*. R. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

Patricia O. Alvarez, Justice

Do not publish